IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| INTERVARSITY CHRISTIAN FELLOWSHIP/USA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE UNIVERSITY OF IOWA, *et al.*,<br><br>*Defendants*. | Civil Action No. 18-cv-00080<br><br>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7 and 56, Plaintiffs InterVarsity Christian Fellowship/USA and InterVarsity Graduate Christian Fellowship (collectively, "InterVarsity") move for summary judgment on the following claims: its Free Speech Claims (Counts VII-VIII), Free Association Claim (Count VI), Free Exercise Claims (Counts III-IV), and Religion Clause Claims (Counts I-II). *See also* Fed. R. Civ. P. 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery").

**I. Defendants infringed InterVarsity's Free Speech, Freedom of Association, and Free Exercise rights without sufficient justification.**

**A. Defendants infringed InterVarsity's rights under the Free Speech Clause (Counts VII-VIII).**

Defendants have adopted a policy interpretation banning InterVarsity from accessing a forum for speech, and their restriction is both unreasonable in light of the purposes of the forum and discriminates against InterVarsity's religious viewpoint.

**B. Defendants infringed InterVarsity's right to freedom of association (Count VI).**

InterVarsity is an expressive association, and Defendants forbid InterVarsity from associating with leaders who agree with and can express its religious viewpoints with integrity, which significantly harms InterVarsity's ability to express its viewpoints.

1

### C. Defendants infringed InterVarsity's rights under the Free Exercise Clause (Counts III-IV).

Defendants policy interpretation discriminates against InterVarsity's sincere religious beliefs and religious exercise in a manner that is neither neutral nor generally applicable.

### D. Defendants cannot justify their infringements of InterVarsity's rights.

Defendants have not and cannot prove that their infringements on InterVarsity's First Amendment rights are narrowly tailored to a compelling government interest, and thus have violated those rights under clearly established federal law.

## II. Defendants' interference with InterVarsity's leadership selection violates the Religion Clauses (Counts I-II).

InterVarsity is a religious group whose mission is marked by clear and obvious religious characteristics, and its officers are its religious leaders who minister to its members, personify its beliefs, and play an important role in conveying InterVarsity's religious message and carrying out its religious mission. Defendants accordingly violated InterVarsity's clearly established rights under the Free Exercise Clause to shape its own faith and mission through its appointments of religious leadership, and its Establishment Clause right against government entanglement in the same.

IN SUPPORT OF THIS MOTION, InterVarsity has attached a Brief in Support of Partial Summary Judgment, a Statement of Material Facts, and an Appendix. Contemporaneously with this motion, and pursuant to Local Rule 7(h), InterVarsity is also filing a motion for leave to file an overlength brief. Per Local Rule 5A(g)(8), InterVarsity is delivering a bound and tabbed paper copy of all of these filings to the Court.

InterVarsity requests oral argument on this motion.

WHEREFORE, InterVarsity requests that this Court grant summary judgment to InterVarsity on the claims listed above, and:

a. Declare and enter judgment that the First Amendment to the United States Constitution requires Defendants not to discriminate against InterVarsity or withhold registered status based on InterVarsity's religious leadership selection policies;

b. Declare and enter judgment that Defendants' enforcement of the University's policy against InterVarsity violated InterVarsity's clearly established constitutional rights;

c. Declare and enter judgment that the individual-capacity Defendants are personally liable for these violations and that their qualified immunity affirmative defense fails as it relates to these claims;

d. Issue a permanent injunction prohibiting enforcement of the University's Human Rights Policy against InterVarsity based on the content of InterVarsity's religious leadership selection policies;

e. Award InterVarsity nominal damages to which it is entitled by law;

f. and set a trial for the determination of further damages against the individual-capacity Defendants.

Respectfully submitted,

/s/ *Eric S. Baxter*
Eric S. Baxter*
   *Lead Counsel*
Daniel H. Blomberg*
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC, 20036
(202) 955-0095 PHONE
(202) 955-0090 FAX
*ebaxter@becketlaw.org*

Christopher C. Hagenow
Hagenow & Gustoff, LLP

600 Oakland Rd. NE
Cedar Rapids, IA 52402
(515) 868-0212 PHONE
(888) 689-1995 FAX
*chagenow@whgllp.com*

**Counsel for Plaintiff**
 *Admitted pro hac vice*