# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# DAVENPORT DIVISION

| | | |
|---|---|---|
| INTERVARSITY CHRISTIAN FELLOWSHIP/USA and INTERVARSITY GRADUATE CHRISTIAN FELLOWSHIP, <br><br> Plaintiffs, <br> v. <br><br> THE UNIVERSITY OF IOWA; BRUCE HARRELD, in his official capacity as President of the University of Iowa and in his individual capacity; MELISSA S. SHIVERS, in her official capacity as Vice President for Student Life and in her individual capacity; WILLIAM R. NELSON, in his official capacity as Associate Dean of Student Organizations, and in his individual capacity; ANDREW KUTCHER in his official capacity as Coordinator for Student Organization Development; and THOMAS R. BAKER, in his official capacity as Student Misconduct and Title IX Investigator and in his individual capacity, <br><br> Defendants. | * * * * * * * * * * * * * * * * * * * * * * * * * * * | CIVIL NO. 3:18-cv-00080-SMR-SBJ <br><br><br><br><br><br><br> **ORDER** |

## I. INTRODUCTION

Before the Court is a Rule 56(d) Motion for Continuance (Dkt. 31) filed by Defendants on January 11, 2019. Defendants request that the Court continue its consideration of Plaintiffs' Motion for Partial Summary Judgment (Dkt. 21), filed on December 13, 2018, until such time Defendants have received Plaintiffs' written discovery responses and have had the opportunity to depose crucial witnesses in the case. Dkt. 31 ¶ 8. Defendants submitted a supporting Memorandum (Dkt. 31-1) and an Affidavit (Dkt. 31-2) by their counsel.

Plaintiffs filed a Response in Opposition (Dkt. 41) on January 24, 2019. Plaintiffs contend the motion should be denied as untimely and for failing to meet the standard for Rule 56(d) motions. *Id.* pp. 2-7. In addition, Plaintiffs note their summary judgment motion has been fully briefed and argue a delay in the Court's consideration of the motion is "nonsensical" and will lead to unnecessary expense and a waste of judicial resources. *Id.* pp. 7-9. Plaintiffs emphasize discovery has already been conducted in a related case before this Court, *Business Leaders in Christ v. The University of Iowa*, Civil No. 3:17-cv-00080-SMR-SBJ ("*BLinC*"). *Id.* p. 8. Plaintiffs insist the relevant facts in both cases overlap substantially, giving Defendants a full opportunity to develop a record on the identical legal issues. *Id.*

In regard to *BLinC*, there were pending cross-motions for summary judgment filed prior to the summary judgment motion in this case. An order was entered on the *BLinC* motions on February 6, 2019, followed by an entry of judgment on February 28, 2019. The Court directed counsel to confer as to the potential effect of the disposition of the *BLinC* case on the pending matters in this action, specifically Plaintiffs' Motion for Partial Summary Judgment and Defendants' Rule 56(d) Motion for Continuance, and file a report. The parties filed a Joint Report (Dkt. 45) on March 8, 2019, indicating they disagree as to the application of *BLinC* to the pending motions in this case.

As to the Rule 56(d) motion, Defendants contend the facts in this case are not identical to those in *BLinC* and they have not had an opportunity to engage in discovery for this action. Dkt. 45 p. 4. Defendants further contend they have "not been provided the full discovery schedule to seek qualified immunity for the individual Defendants." *Id.* pp. 4-5. Plaintiffs on the other hand insist the Rule 56(d) motion should be denied and urge the Court to apply the analysis in *BLinC* to grant summary judgment in their favor here.

2

The Court considers the Rule 56(d) motion to be fully submitted. Oral argument by counsel is not necessary. L.R. 7(c). For the reasons which follow, Defendants will be allowed additional time to conduct discovery and supplement their resistance to Plaintiffs' Motion for Partial Summary Judgment.

## II. ANALYSIS

"Discovery does not have to be completed before a court can grant summary judgment, but summary judgment is proper only after the nonmovant has had adequate time for discovery." *In re Temporomandibular Joint Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1489-90 (8th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)); *see also Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012); *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997) ("court must give the parties adequate time to conduct discovery"). Here, in this Court's opinion, under the particular circumstances and posture of this case, Defendants should be afforded additional time to conduct discovery related to the issues raised in Plaintiffs' Motion for Partial Summary Judgment.

As provided in the Federal Rules of Civil Procedure, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). In this case, the Court entered a scheduling order on November 7, 2018, which set a deadline of January 3, 2019 for the parties to exchange initial disclosures, a deadline of June 28, 2019 for the completion of discovery, and a deadline of August 27, 2019, for the filing of dispositive motions. Dkt. 19 ¶¶ 3, 9, 10. Those dates were proposed by counsel for both Plaintiffs and Defendants. *See* Dkt. 17.

Plaintiffs filed their Motion for Partial Summary Judgment (Dkt. 21) on December 13,

3

2018.  They seek judgment as a matter of law on their "Free Speech Claims (Counts VII-VIII), Free Association Claim (Count VI), Free Exercise Claims (Counts III-IV), and Religion Clause Claims (Counts I-II)." *Id.* p. 1.  The motion is supported by a 32-page memorandum (Dkt. 24), a statement of facts (Dkt. 21-1) containing 218 enumerated paragraphs over 46 pages, and an appendix (Dkt. 21-2 thru 21-8) with over 2000 pages of documents.  Under the schedule, the summary judgment motion was filed three weeks prior to the parties exchanging their initial disclosures.

There is no prohibition, in general, against filing dispositive motions early in a case.  Indeed, the rules of procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  But the rules do allow "a party defending against a summary judgment motion to request a court to postpone a decision until completion of adequate discovery." *In re Temporomandibular*, 113 F.3d at 1490.  Specifically, Rule 56(d) provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1]

Under Rule 56(d), "'the party opposing summary judgment is required to file an affidavit [or declaration] with the district court showing what specific facts further discovery might

---

[1] Previously, Rule 56(f) governed requests for continuance of summary judgment proceedings. As explained in the 2010 amendments, Rule 56(d) carried forward without substantial change the provisions of former subdivision (f). *See Toben v. Bridgestone Retail Operations, LLC,* 751 F.3d 888, 894 n. 1 (8th Cir. 2014).

4

uncover.'" *Marksmeier v. Davie*, 622 F.3d 896, 903 (8th Cir. 2010) (quoting *Anuforo v. Commissioner of Internal Revenue*, 614 F.3d 799, 808 (8th Cir. 2010) (quoting *Roark v. City of Hazen*, 189 F.3d 758, 762 (8th Cir. 1999)))). In other words, the "party must articulate what additional discovery is necessary and how it is relevant to the opposition of the pending motion for summary judgment." *Allen v. Bridgestone/Firestone, Inc.*, 81 F.3d 793, 797 (8th Cir. 1996). As further explained by the Eighth Circuit,

> "[a] party invoking [Rule 56(d)'s] protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."

*Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005) (quoting *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)); *see also Elnashar v. Speedway SuperAmerica*, 484 F.3d 1046, 1054 (8th Cir. 2007) ("To obtain a continuance under Rule 56([d]), the movant must show 'good reason for being unable to present facts essential to its response.'" (quoting *Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 744 (8th Cir. 1999)); *United States v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (nonmoving party required to show "'what specific facts further discovery might unveil'"); *United States v. $159,880.00 in U.S. Currency*, 387 F.Supp.2d 1000, 1010 (S.D. Iowa 2005) ("'conclusory statement that some useful evidence could possibly be found is insufficient'" for Rule 56(d) postponement); *MHC Investment Co. v. Racom Corp.*, 209 F.R.D. 431, 433-34 (S.D. Iowa 2002) ("party must not only articulate what additional discovery is necessary, they must also demonstrate how it will enable them to defeat the motion for summary judgment").

The Eighth Circuit has emphasized that Rule 56(d) does not open the waters to a fishing expedition based on mere speculation that certain facts may exist:

5

> The party seeking additional discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell,* 138 F.3d 772, 779 (9th Cir. 1998). *See Chambers v. Travelers Cos., Inc.,* 668 F.3d 559, 568 (8th Cir. 2012).
>
> [Plaintiff] has set forth some facts she "hope[s] to elicit from further discovery" and has shown how these facts are "essential to resist summary judgment." *Campbell,* 138 F.3d at 779. She has not, however, shown "that the facts sought exist." *Id. See Duffy v. Wolle,* 123 F.3d 1026, 1041 (8th Cir. 1997) ("[I]t is well settled that 'Rule 56([d]) does not condone a fishing expedition' where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct]."), *cert. denied,* 523 U.S. 1137, 118 S.Ct. 1839, 140 L.Ed.2d 1090 (1998) (abrogated on other grounds), *quoting Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997); *United States v. C.E. Light,* 766 F.2d 394, 397 (8th Cir. 1985) (the party seeking additional discovery must affirmatively demonstrate how it will allow her "to rebut the movant's showing of the absence of a genuine issue of fact"); Moore's Federal Practice—Civil, § 56.102[2] (3d ed. 2013)("Specific facts sought must be identified. Mere speculation that there is some relevant evidence not yet discovered will never suffice.").

*Toben*, 751 F.3d at 895. If a party fails to carry its burden under Rule 56(d), "'postponement of a ruling on a motion for summary judgment is unjustified.'" *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999) (quoting *Humphreys v. Roche Biomedical Labs, Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)); *see, e.g.*, *Elkharwily v. Mayo Holding Co.*, 823 F.3d 462, 471-72 (8th Cir. 2016) (affirming denial of Rule 56(d) motion because there was "no meritorious justification for additional discovery"); *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016) (affirming denial of additional time for discovery where Rule 56(d) motion failed to show "that the facts sought exist"); *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 888 (8th Cir. 2015) (affirming denial of continuance under Rule 56(d) because party failed to show how documents are material to summary judgment); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836-37 (8th Cir. 2015) (affirming denial of request for additional 4 to 5 months of discovery under Rule 56(d) because plaintiff did not state with specificity what evidence further discovery would uncover or why such evidence was essential to determining summary

judgment issues); *Toben*, 751 F.3d at 894-96 (affirming denial of Rule 56(d) motion to stay which failed to show what additional documents or specific facts would prove plaintiff's claim meritorious; affidavit showed only "speculative hope" of finding evidence to support claim).

Here, the requirements of Rule 56(d) have been satisfactorily met. Defendants have sufficiently shown by counsel's sworn affidavit that they cannot present facts essential to justify their opposition to Plaintiffs' summary judgment motion until after an opportunity to conduct discovery. Defendants have explained the reasons for the necessity of certain discovery and identified specific factual information being sought to oppose the pending motion for summary judgment. As such, the Court is satisfied the discovery sought by Defendants is not just a mere fishing expedition based upon speculative hope.

In that regard, Defendants identified two specific individuals they intend to depose: Kevin Kummer and Katrina Schrock who were disclosed by Plaintiffs on January 3, 2019. In addition, Defendants served Plaintiffs with written discovery requests on January 9, 2019, a few days after receiving Plaintiff's initial disclosures. The Court finds good reason exists for allowing Defendants an opportunity to review Plaintiffs' written discovery responses, and take the depositions of Mr. Kummer and Ms. Schrock, before the summary judgment motion is deemed fully submitted.

While the Court is not critical of the early filing of Plaintiffs' motion, it is notable the motion was filed before the parties were to exchange initial disclosures or had begun to engage in discovery for this case. Furthermore, in this Court's view, the factual and legal issues raised by the summary judgment motion appear to be fairly extensive and reflect a need for an adequate opportunity to conduct discovery to respond to those matters. The Court fully considered Plaintiffs' opposition to delaying consideration of their pending motion but finds those arguments

to be unpersuasive.

Defendants acted diligently in seeking additional time to respond to the summary judgment motion six days after the motion was filed by Plaintiffs and prior to the response deadline of January 3, 2019, the same date the parties were to exchange initial disclosures. *See* Dkt. 25. Defendants were also diligent in serving written discovery requests, on January 9, 2019, shortly after receiving Plaintiffs' disclosures. Defendants then filed a substantive resistance to the summary judgment motion by the extended deadline, January 15, 2019. *See* Dkt. 33.

In the Court's opinion, Defendants' request to delay consideration of the summary judgment motion to allow for certain discovery to be completed is reasonable, just and made in good faith. It is neither "nonsensical" nor a waste of judicial resources as suggested by Plaintiffs. Notably, Plaintiffs indicated they have already served their discovery responses "weeks ago." Dkt. 45 p. 2.

However, Defendants will not be given an open-ended period to conduct discovery as to the issues raised in the summary judgment motion. Given Plaintiffs have served their written responses, the remaining discovery as specified by Defendants is the depositions of two witnesses. Therefore, Defendants shall have an additional 30 days, until April 11, 2019, to conduct discovery and file a supplemental response to Plaintiffs' summary judgment motion. The Court finds no reasonable basis to further delay consideration of the motion beyond that time frame.

### III. CONCLUSION AND ORDER

Accordingly, Defendants' Rule 56(d) Motion for Continuance (Dkt. 31) shall be, and is hereby, granted. Defendants shall have until April 11, 2019, to conduct discovery and file a supplemental response to Plaintiffs' Motion for Partial Summary Judgment (Dkt. 21). Counsel for the parties shall confer in good faith as necessary to ensure discovery is conducted in an

efficient and timely manner, including the scheduling of depositions, to ensure the deadline is met.

Plaintiffs shall have 7 days after service of Defendants' supplement response to file a reply.

        IT IS SO ORDERED.

        Dated March 12, 2019.

_____
STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE