**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| INTERVARSITY CHRISTIAN FELLOWSHIP/USA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE UNIVERSITY OF IOWA, *et al.*,<br><br>*Defendants*. | Civil Action No. 18-cv-00080-SMR-SBJ<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Christopher C. Hagenow
William R. Gustoff
Hagenow & Gustoff, LLP
600 Oakland Rd. NE
Cedar Rapids, IA 52402
(319) 849-8390 phone
(888) 689-1995 fax
*chagenow@whgllp.com*

Eric S. Baxter*
*Lead Counsel*
Daniel H. Blomberg*
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC, 20036
(202) 955-0095 phone
(202) 955-0090 fax
*ebaxter@becketlaw.org*
*dblomberg@becketlaw.org*

*Counsel for Plaintiff*
*Admitted pro hac vice

The Eighth Circuit's recent ruling in *Telescope Media Group v. Lucero*, No. 17-3352, 2019 WL 3979621 (8th Cir. Aug 23, 2019) (**Exhibit A**), confirms that Plaintiffs' free speech rights were clearly established long before Defendants violated them. *Telescope Media* was about whether Minnesota could apply its antidiscrimination laws to compel business owners to produce videos whose "message would conflict with their own beliefs." *Id*. at *1. The court acknowledged that "antidiscrimination laws typically 'are well within the State's … power to enact'" and are justified by "powerful reasons." *Id*. at *7 (citations omitted). Nevertheless, the court concluded that "as critically important as they are," "[e]ven antidiscrimination laws … must yield to the Constitution" to protect freedom of speech. *Id*.

In support, the Eighth Circuit relied on two Supreme Court decisions from 1995 and 2000. First, citing *Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston, Inc.*, 515 U.S. 557 (1995), the court noted that "[a]lthough antidiscrimination laws are generally constitutional," "'a peculiar' application that required speakers 'to alter the[ir] *expressive content*' was not." *Telescope Media*, 2019 WL 3979621, at *7. Rather, government is prevented "from requiring [one party's] speech to serve as a public accommodation for others." *Id*. Second, the court cited *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000), for the same proposition, concluding that both *Hurley* and *Dale* "make[] clear that once conduct crosses over to speech or other expression, the government's ability to regulate it is limited" and that "regulating speech because it is discriminatory or offensive is not a compelling state interest, however hurtful the speech may be." *Id*.

Another recent decision further confirms that the law has been clear for "decades" that "viewpoint neutrality is an operational principle" in public universities' treatment of registered student organizations, removing any right to qualified immunity for officials who violate it. *Apodaca v. White*, No. 3:17-cv-01014, 2019 WL 3803698, at *13 (S.D. Cal. Aug. 13, 2019) (**Exhibit B**).

1

2

Respectfully submitted,

/s/ *Eric S. Baxter*
Eric S. Baxter*
   *Lead Counsel*
Daniel H. Blomberg*
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC, 20036
(202) 955-0095 PHONE
(202) 955-0090 FAX
*ebaxter@becketlaw.org*

Christopher C. Hagenow
William R. Gustoff
Hagenow & Gustoff, LLP
600 Oakland Rd. NE
Cedar Rapids, IA 52402
(515) 868-0212 phone
(888) 689-1995 fax
*chagenow@whgllp.com*

***Counsel for Plaintiff***
   *\*Admitted pro hac vice*