**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| INTERVARSITY CHRISTIAN FELLOWSHIP/USA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNIVERSITY OF IOWA, *et al.*, <br><br> *Defendants*. | Civil Action No. 18-cv-00080-SMR-SBJ <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY** |

Christopher C. Hagenow
William R. Gustoff
Hagenow & Gustoff, LLP
600 Oakland Rd. NE
Cedar Rapids, IA 52402
(319) 849-8390 PHONE
(888) 689-1995 FAX
*chagenow@whgllp.com*

Eric S. Baxter*
   *Lead Counsel*
Daniel H. Blomberg*
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC, 20036
(202) 955-0095 PHONE
(202) 955-0090 FAX
*ebaxter@becketlaw.org*
*dblomberg@becketlaw.org*

*Counsel for Plaintiff*
*\*Admitted pro hac vice*

Plaintiffs submit this notice to alert the Court to a recent decision relevant to the issues raised in the pending motions for summary judgment. *See* Dkts. 21, 51. In *InterVarsity Christian Fellowship/USA v. Board of Governors of Wayne State University*, Wayne State University denied InterVarsity status as a registered student organization on the ground that InterVarsity's "constitutional requirement that its leaders share the Christian faith was inconsistent with the school's nondiscrimination code." No. 19-10375, 2019 WL 4573800, at *2 (E.D. Mich. Sept. 20, 2019) (**Exhibit A**). InterVarsity sued, claiming that derecognition violated the First Amendment's Free Speech Clause, Free Exercise Clause, and combined Religion Clauses. The University moved to dismiss. The district court denied the motion, with reasoning that supports this Court's earlier ruling in *Business Leaders in Christ v. University of Iowa* and a ruling for InterVarsity here.

Concerning the free speech claims, the Michigan federal court held that the Supreme Court's holding in *CLS v. Martinez* was "expressly limited . . . to an all-comers policy" and was "not controlling" with respect to the narrower nondiscrimination policy adopted by Wayne State. 2019 WL 4573800, at *7. Further, the court noted that Wayne State "allows single-sex fraternities and sororities on campus and single-sex club sports teams," as well as "many recognized student organizations" that "hold themselves out on Wayne State's website as limiting membership based on the categories enumerated in the nondiscrimination policy." *Id*. at *8. "[U]tilizing judicial experience and common sense," the court concluded that these allegations were easily "sufficient to state a plausible claim for a free speech violation," as they "demonstrate[d] the existence of unwritten exceptions to the policy" that were not extended to InterVarsity. *Id*.

With respect to the free exercise claims, the court noted that "Wayne State admits it provides exceptions from its nondiscrimination policy for (male) fraternities, (female) sororities, and (gender-specific) sports teams" at the same time that it "invidiously enforces [its nondiscrimination

1

policy] against InterVarsity." *Id*. at *4. Again, these were "more than enough factual allegations to cross the basic threshold of a valid claim." *Id*.; *see also id*. at *5 (further noting that Wayne State allegedly had not deregistered "a church" and "other religious groups" that selected their leaders "on religious grounds").

Finally, concerning InterVarsity's claims under the Religious Clauses, the court was skeptical of Wayne State's argument that the ministerial exception "operates only as an affirmative defense and cannot be brought as a cause of action." *Id*. at *3. The court suggested that the issue was novel, but concluded that, "insofar as religious organizations have a clear constitutional right to choose their own ministers without interference from the government, it is far from implausible that they may affirmatively assert a violation of such right in a 42 U.S.C. § 1983 action." *Id*. at *4; *see also id.* (rejecting the motion to dismiss "InterVarsity's claim based on its right to internal autonomy in religious affairs").

Respectfully submitted,

/s/ *Eric S. Baxter*
Eric S. Baxter*
   *Lead Counsel*
Daniel H. Blomberg*
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC, 20036
(202) 955-0095 PHONE
(202) 955-0090 FAX
*ebaxter@becketlaw.org*

Christopher C. Hagenow
William R. Gustoff
Hagenow & Gustoff, LLP
600 Oakland Rd. NE
Cedar Rapids, IA 52402
(515) 868-0212 PHONE
(888) 689-1995 FAX
*chagenow@whgllp.com*

*Counsel for Plaintiff*
*Admitted pro hac vice

3