IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| INTERVARSITY CHRISTIAN FELLOWSHIP/USA, and INTERVARSITY GRADUATE CHRISTIAN FELLOWSHIP,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE UNIVERSITY OF IOWA, BRUCE HARRELD, in his official capacity as President of the University of Iowa and in his individual capacity, MELISSA S. SHIVERS, in her official capacity as Vice President for Student Life and in her individual capacity, WILLIAM R. NELSON, in his official capacity as Associate Dean of Student Organizations and in his individual capacity, ANDREW KUTCHER, in his official capacity as Coordinator for Student Organization Development and in his individual capacity, THOMAS R. BAKER, in his official capacity as Student Misconduct and Title IX Investigator and in his individual capacity,<br><br>    Defendants. | Case No. 3:18-cv-00080-SMR-SBJ<br><br><br>ORDER |

Before the Court is a joint motion by the above-captioned parties. They ask the Court to approve their stipulated attorney's fees and costs and enter judgment for Plaintiffs on their agreed-to damages.

I.     INTRODUCTION

This case began when Plaintiffs Intervarsity Christian Fellowship/USA and Intervarsity Graduate Christian Fellowship ("Intervarsity") filed a Complaint in this Court on August 6, 2018, alleging violations of their First Amendment rights. [ECF No. 1]. Plaintiffs moved for partial

1

summary judgment on some of their claims on December 13, 2018 and Defendants moved for full summary judgment on April 12, 2019. [ECF Nos. 21; 51]. The Court entered summary judgment on some of the claims in favor of both parties on September 27, 2019. [ECF No. 74]. Defendants appealed the Court's order, [ECF No. 79], which was affirmed by the United States Court of Appeals for the Eighth Circuit, [ECF No. 89-2].

The parties now jointly move for an order from the Court dismissing all the remaining claims; entering judgment for damages on behalf of Plaintiffs; and approving their stipulation as to attorney fees and costs. [ECF No. 100].

## II.   ANALYSIS

The parties first request dismissal of all the remaining counts. The counts still remaining are Counts III–IV and VI–VIII against Defendants Herrald and Baker, and Counts V and IX–XVII against all Defendants. The Federal Rules of Civil Procedure allow a court to dismiss an action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Given the joint nature of the dismissal request, and the stipulated agreement discussed below, the Court finds the terms proper and the remaining counts are DISMISSED.

Next, the parties request their stipulation regarding attorney's fees and costs be approved. They represent that counsel for Plaintiffs have expended over 850 hours on this case over the three years it was litigated in this Court and before the Eighth Circuit. Using the "lodestar" method for calculating attorney's fees, the parties jointly request the Court award $501,802.83 for legal work performed by Plaintiffs' counsel in this matter.[1] [ECF No. 100 at 8]; *see Perdue v. Kenny A. ex*

---

[1] This figure represents a rate of $914.00 per hour for Attorney Eric Baxter (176.9 hours billed); $759.00 per hour for Attorney Daniel Blomberg (430.7 hours); $465.00 per hour for associate attorneys (27 hours); $378.00 per hour for legal work performed by legal fellows (36.5 hours); $206.00 per hour for paralegal time (169.8 hours). Two local attorneys are also included in the fee request: $350.00 per hour for Attorney Matt Dummermuth (4.8 hours) and Attorney

*rel. Winn*, 559 U.S. 542, 551 (2010) (noting the lodestar method is "the guiding light of our fee-shifting jurisprudence." (quotation marks omitted)). The summary of costs for out of state counsel reflects an amount of $11,705.64 based on expenses for travel, printing, and miscellaneous costs. *Id.* No reimbursement for costs for local counsel is requested.

The requested attorney's fees and costs are reasonable and they are approved. The rates for local counsel are between $275 per hour and $350 per hour—reasonable for legal work in the Des Moines area and central Iowa. *See, e.g., Animal Legal Def. Fund v. Reynolds*, 385 F. Supp. 3d 840, 844 (S.D. Iowa 2019) (awarding attorney fees at a rate of $230–$400 per hour at Des Moines-based rate). The rates sought for Plaintiffs' out of state counsel are considerably higher, between $759 and $914 per hour. The fees are reasonable considering the complex nature of the constitutional issues presented in this case and the extensive experience Plaintiffs' counsel has in this area of litigation. *Ne. Iowa Citizens for Clean Water v. Agriprocessors*, *Inc.*, 489 F. Supp. 2d 881, 901 (N.D. Iowa 2007) ("[I]n specialized areas of the law, the national market may provide the reasonable hourly rate."). The submitted costs align with the Court's reasonable expectations for litigation of this complexity and duration.

The total hours billed, 873 hours for both attorney and non-attorney time, is consistent with the legal work completed in this case. The parties tell the Court that factual development in the case entailed review of 6,000 pages of documents along with the 23,000 documents produced in a related case[2], depositions of four witnesses, discovery motions practice, cross-motions for summary judgment, and appeal. [ECF No. 100 at 2]. The number of hours requested is consistent with the expectations from a case with this course of litigation. *See Gilbert v. Little Rock*, 867

---

William Gustoff charged $295.00 per hour (12 hours) and $275.00 per hour (8.8 hours). The amount reflects a 10% discount on the total fees charged by Plaintiffs' out of state counsel.

[2] *See Bus. Leaders in Christ v. Univ. of Iowa*, 360 F. Supp. 3d 885 (S.D. Iowa 2019).

3

F.2d 1063, 1066 (8th Cir. 1989) (noting judges should weigh hours against their "own knowledge, experience, and expertise of the time required"). The parties also inform the Court they have agreed to damages of $20,000 attributable to Plaintiffs and request the Court recognize and enter judgment for that amount. *Id.* at 8.

### III.  CONCLUSION

Therefore, the Court ORDERS as follows:

- Plaintiffs are the prevailing party and are awarded attorney's fees and expenses in the amount of $533,508.47 to be apportioned among counsel and staff as described in the parties' joint motion at ECF No. 100;

- All previous orders of this Court are confirmed and preserved, per the parties' joint request; and

- Final judgment shall be entered in favor of Plaintiffs and damages of $20,000 are awarded.

IT IS SO ORDERED.

Dated this 18th day of November, 2021.

STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT